JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-6468-JHN-JCGx | Date | August 31, 2010 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Rosario Gonzalez et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO STATE COURT AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT (In Chambers)

On August 30, 2010, Defendant Rosario Gonzalez ("Defendant") removed this action to federal court from the Superior Court of the State of California, County of Los Angeles and sought a temporary restraining order.

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). However, the Court may remand a case to state court for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). Here, although Defendants allege that the claims arise under federal law, the Complaint's only cause of action is for unlawful detainer in violation of California Code of Civil Procedure § 1161a(b)(3). (Notice of Removal, Ex. C (hereinafter "Complaint").) No federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Therefore, no federal question jurisdiction exists.

Under 28 U.S.C. § 1332, the Court also has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). First, neither the Complaint nor the Notice of Removal alleges the citizenship of the parties. Without an allegation as to citizenship, Defendant cannot meet her burden of establishing diversity. Second, the Complaint specifically states that the amount

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-6468-JHN-JCGx | Date | August 31, 2010 |
|---|---|---|---|
| Title | Wells Fargo Bank, N.A. v. Rosario Gonzalez et al. | | |

demanded does not exceed $10,000.  (Complaint 1.)  Defendant presents no basis for why the amount-in-controversy requirement is met.  For these reasons, no diversity jurisdiction exists.

Ultimately, because no federal question or diversity jurisdiction exists, Defendant fails to meet her burden of establishing federal jurisdiction.   Accordingly, the Court hereby REMANDS this matter to the Superior Court of the State of California, County of Los Angeles and DENIES the request for a temporary restraining order as moot.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |